```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

In Re:                          :  Bankr. No. 05-36514-NVA
MARSHALL RIEF                   :  (Chapter 7)
                                :
*    *    *    *    *    *    * :
                                :
ZVI GUTTMAN                     :
                                :
v.                              :  Bankr. Adversary No. 06-1579
                                :  Civil Action No. WMN-06-2823
MARSHALL RIEF et. al            :
```

**MEMORANDUM**

Before the Court is the motion of Zvi Guttman ("Trustee"), as Chapter 7 Trustee for Marshall Rief, to withdraw the Order of Reference of adversary proceeding to the Bankruptcy Court. Paper No. 1. Non-debtor Defendants, Joanne Block Reif and Amie Sue Nochumowitz, (collectively, the "Non-Debtor Defendants"), have opposed the motion. Debtor Defendant Marshall Rief has joined the opposition of the Non-Debtor Defendants. The Motion to Withdraw the Order of Reference is now ripe for decision. Upon a review of the motions and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Trustee's motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2006, Trustee filed a Complaint and Demand for a Jury Trial in the United States Bankruptcy Court for the District of Maryland. The Complaint alleged six counts: Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202 (Count I); Objection to Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(2-5) (Count II); Monetary Judgment for and Avoidance of Fraudulent Transfers Pursuant to Title 11 (Count III); Monetary Judgment for and

Avoidance of Fraudulent Transfers Pursuant to Title 11 and the Maryland Uniform Fraudulent Conveyances Act (Counts IV, V); and Monetary Judgment for Aiding and Abetting Fraudulent Conveyances (Count VI).  In the instant motion, Trustee argues that these claims give rise to a right to a jury trial.

## II. LEGAL STANDARDS

The procedural rules regarding the referral of bankruptcy cases are set out in 28 U.S.C. § 157.  Section 157(d) provides that district courts "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Section 157(e) provides that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

The Seventh Amendment of the U.S. Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved . . . ." U.S. Const. amend. VII.  The United States Supreme Court articulated the test for determining whether a Seventh Amendment right to a jury trial applies in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989).  First, the Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity."  Granfinanciera, S.A., 492 U.S. at 42 (quoting Tull v.

2

United States*,* 481 U.S. 412, 417-418, (1987)) (citations omitted).  Second, the Court must "examine the remedy sought and determine whether it is legal or equitable in nature."  Id.  Finally, if the Court concludes that the right to a jury trial applies, it must then "decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder."  Id.

**III. DISCUSSION**

The instant case raises a question which is nearly identical to the question raised in the related case of Liebmann v. Nochumwitz, Civil Action No. WMN-06-2583.  In resolving a similar motion in that case, this Court held that a bankruptcy trustee's assertion of claims of fraudulent conveyance gave rise to a Seventh Amendment right to trial in accordance with the analysis set forth in Granfinanciera, S.A., 492 U.S. at 42.  Here, too, the analysis of Granfinanciera, S.A. applies to Trustee's fraudulent conveyance claims.  Those claims would have been brought before a court of law in 18th-century England.  See Id. at 46-47.  The nature of the relief requested by Trustee, monetary damages, supports a finding that the fraudulent conveyance action is an action at law.  Id.  Additionally, a bankruptcy trustee's right to recover fraudulent conveyances is a private right, therefore, the Seventh Amendment's guarantee of a jury trial applies.  Id. at 55-56.  Thus, the bankruptcy court may only conduct a jury trial to adjudicate those claims in a proceeding where the district court has specifically designated

it to do so and where the parties to the matter consent. 28 U.S.C. § 157(e).

Here, Trustee does not consent to a jury trial before the bankruptcy court and, therefore, his motion to withdraw the order of reference to that court should be granted. Additionally, the Court finds no substantial inefficiencies which would result from immediate withdraw. See In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993) (finding that the district court may "delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial").

## IV. CONCLUSION

For the above stated reasons, Trustee's Motion to Withdraw the Order of Reference of Adversary Proceeding will be GRANTED. A separate order consistent with this memorandum will follow.

                                    /s/
                          William M. Nickerson
                          Senior United States District Judge

Dated: November 20, 2006